UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MARTIN BELLUCCI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKZI, Acting Commissioner of Social Security<br><br>　　　　Defendant. | Case No.  2:20-cv-01684-JDP (SS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 16 & 19 |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 16 & 19.  For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's is denied, and this matter is remanded for further proceedings.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards were applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a

1

conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

Plaintiff filed an application for DIB, alleging disability beginning July 23, 2016. Administrative Record ("AR") 196-200. After his application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 36-84, 107-11, 113-17. On November 18, 2019, the ALJ issued a decision finding that plaintiff was not disabled. AR 16-26. Specifically, the ALJ found that:

> 1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since July 23, 2016, the alleged onset date.

> \* \* \*
>
> 3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine status/post laminectomy; and asthma.
>
> \* \* \*
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> \* \* \*
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), except he cannot climb ladders, ropes, and scaffolds, and can perform other postural maneuvers, such as stooping, crouching, and crawling, on an occasional basis; and he must avoid concentrated exposure to pulmonary irritants, such as dusts, fumes and gases, and to hazards, such as unprotected heights and moving machinery.
>
> \* \* \*
>
> 6. The claimant is capable of performing past relevant work as a [computer programmer]. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.
>
> \* \* \*
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from July 23, 2016, through the date of this decision.

AR 18-26 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Analysis**

Plaintiff advances five primary arguments. First, he argues that the ALJ erred in rejecting the medical opinion evidence of his treating pain specialist, Dr. Lo. ECF No. 16 at 14. Second,

he argues that the ALJ erred in rejecting the medical opinion evidence of his physical therapist, Dr. Tanney. *Id.* at 18. Third, he contends that the ALJ erred by rejecting lay witness testimony. *Id.* at 21. Fourth, he argues that the ALJ improperly discounted his subjective symptom testimony. *Id.* at 23. Finally, he contends that the ALJ erred by failing to fully develop the record. *Id.*. at 26. I agree that the ALJ committed reversable error by failing to provide clear and convincing reasons for rejecting plaintiff's subjective symptom testimony. Because the error requires that this case be remanded for further administrative proceedings, I decline to address his remaining arguments.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement and there is no evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.'" *Id.*[1] The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff argues that the ALJ improperly rejected his subjective symptom testimony because she did not make a finding of malingering and did not provide specific, clear, and convincing reasons for rejecting his testimony. *See* ECF No. 16 at 23-26. The Commissioner contends that the ALJ did not err, since "[p]laintiff's objective medical evidence, the

---

[1] The Commissioner "questions whether the clear and convincing reasons standard is valid given SSR 16-3p, effective as of March 26, 2016, which governs the ALJ's decision in this case." ECF No. 19 at 22. In *Trevizo*, the Ninth Circuit applied the clear-and-convincing standard and noted that SSR 16-3p simply "makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms . . . and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness.'" 871 F.3d at 678 n.5 (quoting SSR 16-3p (2016)).

effectiveness of treatment, and his activities led her to conclude that his subjective complaints were not 'entirely consistent' and that the evidence was only 'partially consistent with the claimant's allegations.'" ECF No. 19 at 19.

At his hearing, plaintiff testified that, because of "spasms in [his] back [and] spasms in [his] leg . . . [,] there are roughly two to three days a week, on average[] about ten days a month[,] where [he is] literally in so much pain that [he] can't get out of bed and, basically, can't do any tasks." AR 57-58.  He added that "no amount of medication or stretching or whatever will make it stop, and it's just something that [he] ha[s] to ride out." AR 58.  He reported that "[e]ven on decent days," he is unable to drive for longer than "an hour and a half to two hours" or focus on a task for more than "about 20 to 30 minutes at a time" before having to stop and shift positions. AR 49 & 58.  He claimed to spend "probably eight hours of [his] waking day either semi-supine or supine just to alleviate the pain . . . from sitting or standing." AR 58.  He also testified that, as a result of an infection and treatment with a drug to which he was allergic, he now has "fairly severe asthma" and unpredictable asthma attacks that wake him up in the middle of the night. AR 62.

After aptly summarizing plaintiff's symptom testimony, the ALJ found that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms." AR 21.  She concluded, however, that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 21.  The ALJ then provided a lengthy summary of the record evidence and twice concluded that "[t]he totality of the evidence shows that the claimant's condition was sufficiently responsive to treatment such that he remained capable of performing the above-described range of sedentary work." AR 21-22.

At no point in her decision did she specifically identify any inconsistencies between plaintiff's testimony and the evidence of record.  Instead, she simply summarized the evidence and concluded without elaboration that it demonstrated plaintiff's capacity to perform a significant range of sedentary work.  As the Ninth Circuit has explained, "[t]his is not the sort of

5

explanation or kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (finding that the ALJ erred by "simply stat[ing] her non-credibility conclusion and then summariz[ing] the medical evidence supporting her RFC determination").

The Commissioner argues that the ALJ's discussion "properly noted several specific pieces of evidence" and included "valid reason[s] for discounting [p]laintiff's subjective symptom testimony." ECF No. 19 at 19. The Commissioner characterizes this discussion as "contrast[ing] th[e] testimony of dire limitations by noting that [p]laintiff experienced pain relief after surgeries" and that plaintiff had reported doing certain physical activities. *Id*. While such evidence could hypothetically provide reasons to discount symptom testimony, the Commissioner fails to identify where the ALJ explained that such evidence undermined plaintiff's testimony. Such general juxtaposition of record evidence with a catalogue of plaintiff's symptom testimony is not sufficient. "'[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must *explain* what evidence undermines the testimony.'" *Brown-Hunter*, 806 F.3d at 493 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (emphasis added by *Brown-Hunter* court)). The ALJ's failure to set out specific, clear, and convincing reasons to discount the plaintiff's subjective symptom testimony constitutes reversable error.

This case should be remanded to allow for proper consideration of the evidence of record. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 16, is granted.
2. The Commissioner's cross-motion for summary judgment, ECF No. 19, is denied.
3. The matter is remanded for further proceedings consistent with this order.
4. The Clerk of Court is directed to enter judgment in plaintiff's favor.

IT IS SO ORDERED.

Dated: _September 27, 2022_   _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE